# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GEORGE KING** | : | **DOCKET NO. 2:07-cv-329**<br>**Section P** |
| **VS.** | : | **JUDGE DOHERTY** |
| **ALBERTO GONZALEZ, ET AL.** | : | **MAGISTRATE JUDGE HILL** |

<u>**REPORT AND RECOMMENDATION**</u>

Currently before the court is a "Motion to Dismiss" [doc. 15] filed on behalf of the respondents in the above-captioned *habeas corpus* matter. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed by *pro se* petitioner, George King, on February 15, 2007 challenging his continued detention in post-removal-order custody. The petition alleges that petitioner is subject to a final order of removal, and that he has been detained beyond the presumptively reasonable removal period as a result of his inability to post a $10,000 bond to secure his release.[1] Thus, petitioner claims that the bond amount is unreasonable and that the bond has the effect of preventing petitioner's release from custody in violation of the principles established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Accordingly, petitioner requests that this court order his release from custody on conditions with which he may comply.

---

[1]King alleges that after filing a previous petition for federal writ of *habeas corpus* in this court (2:06-cv-0063), that on February 7, 2006, the ICE District Field Office Director Craig Robinson decided that petitioner should be released from custody on an Order of Supervision conditioned on the posting of a $10,000 bond.

In response to this petition, the government filed the "Motion to Dismiss" which is currently before the court.  In support of this motion, the government presents documentation which establishes that the petitioner was released from post-removal-order detention pursuant to an order of supervision on April 18, 2007.  *See* Government Exhibit 1.

At the time that this petition was filed, Petitioner was in detention pursuant to the statutory authority of § 241 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231, and he sought to have the court review his post-removal-order detention and set reasonable conditions for petitioner's release.  However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed. Moreover, because petitioner's release from custody was on conditions with which petitioner has presumably complied, petitioner's request for this court to set reasonable conditions to secure petitioner's release is also now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that the "Motion to Dismiss" [doc. 15] be GRANTED and that this petition be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN**

**ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, May 8, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

3